IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAUL HENDERSON,<br>　　　　Plaintiff | : | Civil Action No. 1:13-CV-590 |
| v. | : | |
| | : | (Judge Nealon) |
| CAROLYN W. COLVIN,[1] | : | (Magistrate Judge Blewitt) |
| Acting Commissioner of Social Security,<br>　　　　Defendant | : | |

FILED
SCRANTON
MAR 3 1 2014
PER _____
DEPUTY CLERK

## MEMORANDUM

On March 4, 2013, Plaintiff, Paul Henderson, filed a complaint seeking review of the Commissioner of the Social Security Administration's ("Commissioner") denial of his application for disability insurance benefits and supplemental security income. (Doc. 1). A Report was issued by United States Magistrate Judge Thomas M. Blewitt on March 3, 2014 recommending that the appeal be denied. (Doc. 12). Objections to the Report and Recommendation ("R&R") were due on or before March 20, 2014. Neither party has filed objections. After considering the review and reasoning of the Magistrate Judge, the R&R will be adopted.

## Standard of Review

When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report, under de novo or any other standard. Thomas v. Arn, 474 U.S. 140, 152 (1985); 28 U.S.C. § 636(b)(1)(C). Nevertheless, the Third Circuit Court of Appeals has held that it is better practice to afford some level of review to

---

[1]Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013, and is substituted for Michael J. Astrue as the Defendant in this case pursuant to Federal Rule of Civil Procedure 25(d).

dispositive legal issues raised by the report. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied 484 U.S. 837 (1987); Garcia v. I.N.S., 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating "the district court need only review the record for plain error or manifest injustice"). In the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.).

**Discussion**

Upon review of the present appeal, it is concluded that the Magistrate Judge did not err in concluding that the decision of the administrative law judge ("ALJ"), that Henderson was not disabled, is supported by substantial evidence. The Magistrate Judge thoroughly reviewed the ALJ's decision and determined that the ALJ made the required specific findings of fact in assessing Henderson's residual functional capacity and that his findings were supported by substantial evidence. (Doc. 12, p. 20). The Magistrate Judge also reviewed the ALJ's discussion of the sequential evaluation process. (Id. at pp. 5-8).

Initially, the ALJ found that Henderson met the insured status requirements of the Social Security Act through June 30, 2011. (Tr. 13).[2] At step one of the sequential evaluation process, the ALJ found that Henderson had not engaged in substantial gainful work activity since April 1, 2008, the alleged disability onset date. (Tr. 13). At step two, the ALJ found that Henderson suffered from the severe impairments of status post left lower extremity fracture with four open

---

[2]References to "(Tr. _)" are to pages of the administrative record filed by Defendant as part of the Answer on June 13, 2013. (Doc. 9).

reduction internal fixation surgeries, multilevel lumbar disc bulge, left tarsal tunnel syndrome, and lumbago. (Tr. 14). At step three, the ALJ determined that Henderson did not have an impairment or combination of impairments that met or medically equaled a listed impairment. (Tr. 14). At step four, the ALJ determined that Henderson was unable to perform any past relevant work as a laborer in a warehouse as a forklift operator/material handler, a grocery store clerk, and a cook/cashier. (Tr. 20). However, the ALJ also determined that Henderson had the residual functional capacity to perform less than the full range of light work treated as sedentary work. (Tr. 15-20). At step five, the ALJ found that there were jobs in significant numbers in the national economy that Henderson could perform. (Tr. 21). Specifically, the ALJ stated that the vocational expert testified that Henderson could perform work as a "protective services worker with 577 positions, an information clerk with 3,500 positions, and an order clerk with 960 positions." (Tr. 21). Henderson was therefore found to be not disabled under the Act from April 1, 2008, the alleged disability onset date, through November 2, 2012, the date of the ALJ's decision. (Tr. 21-22).

On appeal, Henderson argued that substantial evidence does not support the ALJ's finding that he did not have an impairment or combination of impairments that met or medically equaled Listing 1.03 and, also, that the ALJ failed to properly explain why he rejected Henderson's complaints of pain, which allegedly limited his ability to engage in substantial gainful activity. (Doc. 10, pp. 7-11).

The Magistrate Judge determined that substantial evidence supports the ALJ's finding that Henderson did not meet Listing 1.03 because he did not experience ineffective ambulation for a period of twelve (12) months, as required by the Listing. (Doc. 12, p. 18). Magistrate

Judge Blewitt found that the ALJ reviewed Henderson's medical records, which indicated that he was ambulatory, and that there was no evidence he suffered from an inability to ambulate effectively. (Id. at pp. 16-17). Next, the Magistrate Judge determined that the ALJ made specific findings as to Henderson's residual functional capacity, discussed the evidence in the record, and properly considered Henderson's statements in light of the entire record, including the medical evidence. (Id. at pp. 18-20). The Magistrate Judge noted that Henderson's testimony at the ALJ hearing is consistent with these determinations. (Doc. 12, pp. 17-20). See also (Tr. 14-20). Therefore, Magistrate Judge Blewitt recommended that Henderson's appeal be denied. (Id. at p. 21).

Having reviewed the Report and Recommendation for clear error and finding none, it will be adopted.

A separate order will be entered.

Date: March 31, 2014

_____
**United States District Judge**